## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 7:10CR00009 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KEVIN EUGENE LINEBERRY,** | ) | Judge James P. Jones |
| | ) | |
| Defendant. | ) | |

*M. Coleman Adams, Assistant United States Attorney, Roanoke, Virginia, for United States; Kevin Eugene Lineberry, Pro Se Defendant.*

The defendant, sentenced by the late District Judge Glen E. Conrad, has filed this pro se motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends that if he were sentenced today, he would receive a shorter period of imprisonment than he is currently serving. For the reasons that follow, I will deny the motion.

I.

On December 4, 2008, deputies from the Botetourt County, Virginia, Sheriff's Office responded to reports of a burglary that was in progress. The defendant, Kevin Eugene Lineberry, age 25, was soon located and apprehended. After his capture, he cooperated with law enforcement. He admitted that he was responsible for the burglary and later confessed to possessing and selling multiple firearms. He further consented to a search of his home, where law enforcement

officers found several more firearms.  In total, Lineberry was held responsible for possessing 23 firearms.

The defendant pled guilty to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  At sentencing the court determined that Lineberry qualified as an Armed Career Criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and § 4B1.4(a) of the U.S. Sentencing Commission Guidelines Manual (USSG).  Presentence Investigation Report (PSR) ¶ 20, ECF No. 33.  With a total offense level of 31, and a criminal history category of VI, his guideline sentencing range was 188–235 months.  He also faced a mandatory minimum sentence of 15 years under the ACCA.  *Id.* ¶ 57.

On August 27, 2010, the court sentenced Lineberry to 188 months to be served concurrently with his several state terms of imprisonment, followed by five years of supervised release.  He is currently incarcerated at Lunenburg Correctional Center, a state prison facility in Virginia, and has a projected release date from state custody of January 19, 2027,  which is after his concurrent federal sentence will have been fully served.

Lineberry contends that despite his concurrent federal sentence, a federal detainer filed with the state authorities prevents him from receiving additional good time credit that would advance an earlier release from state custody.  The court appointed the Federal Public Defender to represent Lineberry.  However, no

appearance has been entered by any lawyer in that office and no supplemental motion has been filed by the deadline to do so.  The government has filed its response, and the defendant has not filed any reply in support of his motion.  The motion is now ripe for decision.

## II.

The court begins with the mandatory threshold requirement for granting relief — administrative exhaustion.  *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).  A district court may modify a term of imprisonment either upon motion of the Director of the Bureau of Prisons (BOP) "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  Because he is not in BOP custody, Lineberry contends that he could not send his request to a warden.  The government does not rely on a failure to exhaust administrative remedies as a defense to the motion.  Accordingly, I will consider its merits.

## III.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271

(4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider a change in sentencing law in determining whether an extraordinary and compelling reason exists. *Id.* at 284, 286.

Lineberry argues that his sentence should be reduced because his prior convictions for violating Virginia's burglary statute no longer serve as predicates under the ACCA. The government agrees. *See Castendet-Lewis v. Sessions*, 855 F.3d 253, 264 (4th Cir. 2017). The government nevertheless argues that Lineberry has prior North Carolina breaking and entering convictions, PSR ¶¶ 25, 26, 30, ECF No. 33, that qualify as predicates, citing *United States v. Dodge*, 963 F.3d 379, 383–385 (4th Cir. 2020). Thus, the government maintains he has failed to demonstrate extraordinary and compelling reasons meriting a sentence reduction.

For purposes of deciding the defendant's motion, I need not decide whether the prior North Carolina convictions can be considered valid predicate offenses under *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018),[1] as the outcome would be the same either way. Without the Armed Career Criminal enhancement, which increased the offense level by one level, Lineberry's revised guideline range would have been 168–210 months. He also would not be subject to the ACCA's 180-month

---

[1] In *Hodge*, the court held that in response to a defendant's motion under 28 U.S.C. § 2255 attacking his ACCA sentence the government could not rely upon a prior conviction listed in the defendant's PSR but not identified as an ACCA predicate conviction. *Id.* at 427–28. However, I need not decide whether the *Hodge* holding would apply to a compassionate release motion based on disparity from a change in sentencing law.

statutory minimum.  A potential 20-month discrepancy at the low end of Lineberry's guideline range is not as severe as in other cases where I have found an extraordinary and compelling reason for reduction.  *See, e.g., United States v. Melton*, No. 7:08CR00017-001, 2022 WL 72479, at *2 (W.D. Va. Jan. 3, 2022) (finding extraordinary and compelling circumstances based on nine-year difference); *United States v. Jones*, No. 7:11CR00039-006, 2021 WL 3630459, at *3 (W.D. Va. Aug. 17, 2021) (finding extraordinary and compelling circumstances based on three-year difference).  But it is still 10% of his 188-month sentence and a substantial period of incarceration.

Of course, a sentencing disparity alone is not enough to warrant reducing Lineberry's sentence.  I must also "reconsider[] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances."  *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  The government argues that § 3553(a) factors weigh in favor of continued incarceration because of the seriousness of the offense and the need to protect the public, given the defendant's criminal history and repeated breaking and entering convictions.

I do not deny the seriousness of the offense here.  The PSR indicated that Lineberry was held responsible for possessing a total of 23 firearms.  The PSR also indicated that he admitted to selling firearms and using the proceeds to purchase

drugs.  I also find Lineberry's criminal history troubling.  Even if his previous burglary convictions in Virginia do not qualify as violent felonies, they nevertheless show that the defendant may pose a serious threat to the public.  His string of burglary convictions in North Carolina add to that concern.

On the other hand, Lineberry has served well over half of his 188-month sentence.  During his incarceration, Lineberry has maintained a clear disciplinary record while continuing to be employed.  He has completed numerous job training programs and a drug treatment program.  He also has served as a mentor and tutor for inmates seeking to obtain their GED.  I commend the defendant for his commitment to rehabilitating himself while incarcerated.

I nevertheless conclude that he has not established a compelling and extraordinary reason warranting a reduction, and even if he had, a reduction would not be sufficient to comply with the factors under § 3553(a).  Even assuming that he could no longer be sentenced as an Armed Career Criminal, his sentence still falls within a revised guideline range of 168–210 months.  I further find that a reduction in his sentence would not provide an adequate deterrence from future criminal conduct or protect the public.

- 6 -

IV.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 35, is DENIED.

ENTER:   June 22, 2022

/s/  JAMES P. JONES
Senior United States District Judge